UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: STRYKER ORTHOPAEDICS LFIT V40
FEMORAL HEAD PRODUCTS LIABILITY
LITIGATION                                                                                          MDL No. 2768


**TRANSFER ORDER**


**Before the Panel**: Plaintiffs in an action in the District of Massachusetts (*O'Hare*) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the District of Massachusetts or, alternatively, the District of Minnesota. These cases concern alleged defects in Stryker-branded LFIT Anatomic CoCR V40 femoral heads, a prosthetic hip replacement device. Plaintiffs' motion includes the six actions listed on Schedule A, which are pending in three districts. Since plaintiffs filed this motion, the parties have notified the Panel of 27 additional potentially related actions.[1]

Defendant Howmedica Osteonics Corp. (HOC) opposes centralization and, as an alternative, suggests selection of the District of New Jersey or, alternatively, the Southern District of New York as the transferee district. HOC also prefers that the litigation be retitled "*In re: HOC LFIT V40 Taper Lock Litigation.*"

All responding plaintiffs support centralization. Plaintiffs in the District of Massachusetts *D'Orlando* and *Driscoll* potential tag-along actions support the motion in its entirety, while plaintiff in the District of Massachusetts *McCooe* potential tag-along action supports centralization in the District of Massachusetts. Plaintiffs in the Southern District of Indiana *Layne* action and five potential tag-along actions support centralization in the District of Minnesota. Plaintiffs in the District of Minnesota *Smith* action, as well as plaintiffs in three potential tag-along actions, support centralization in the District of Minnesota or, alternatively, the District of New Jersey. Plaintiffs in four District of New Jersey potential tag-along actions seek centralization in that district or, alternatively, the District of Minnesota. Finally, plaintiffs in a Middle District of Georgia action support centralization in that district.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve common factual questions about alleged defects in HOC's Stryker-branded LFIT Anatomic CoCr V40 femoral heads. On August 29, 2016, Stryker issued a voluntary recall of certain

---

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2. It appears that the Panel was erroneously notified of two actions, which do not involve an LFIT V40 device; such actions will not be placed on a conditional transfer order.

lots of the device manufactured before March 2011, due to harm secondary to failure of the femoral head to fully lock onto the stem at the stem-head taper junction, i.e., "taper lock failure." Plaintiffs' claims focus on the performance of the LFIT V40 cobalt-chromium device, in particular the alleged propensity of the device to cause corrosion at the taper junction when paired with femoral stems made from different alloys (such as HOC's proprietary TMZF, which is an alloy of titanium, molybdenum, zirconium and iron). This corrosion allegedly leads to failure of the implant or other serious health consequences and necessitates surgery to remove and replace the implants. Centralization will avoid duplicative discovery on such complex issues as the design, testing, manufacturing, and marketing of the LFIT V40 cobalt-chromium femoral head device and related motion practice. Centralization is consistent with our past decisions in other similar hip implant dockets. *See, e.g.*, MDL No. 2441 – *In re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*; MDL No. 2391 – *In re: Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*

HOC opposes centralization on the grounds that there are only a few actions, informal cooperation is workable, and centralization will prove inefficient given the wide variety of combinations (stem type, different lengths and offsets) with which their modular femoral head product can be employed. We are not persuaded by these arguments. There already are a significant number of pending cases: 33 cases are pending in seventeen different districts, with at least eight groups of what appears to be competing plaintiffs' counsel involved.

Without a doubt, there will be some individualized factual issues in each action, but these issues do not at this early stage of litigation negate the efficiencies to be gained by centralization. That a number of different combinations of sizes and types of stems can be employed with the modular LFIT V40 device is not an insurmountable barrier to centralization. Indeed, such arguments could be applied to many prior hip implant MDL dockets involving allegedly problematic metal-on-metal articulation. We have previously stated that "[a]lmost all personal injury litigation involves questions of causation that are plaintiff-specific. Those differences are not an impediment to centralization where common questions of fact predominate." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014). In addition to the specific causes of the failure of each plaintiff's device, the cases now before us implicate numerous common issues concerning the development, manufacture, testing, regulatory history, promotion, and labeling of the LFIT V40 cobalt-chromium femoral head. We note, though, that the transferee judge might find it useful, for example, to establish different tracks for the different femoral stems that can be mated with the LFIT device.

Defendant requests that the MDL title of *In re: Stryker Orthopaedics LFIT V40 Femoral Head Products Liability Litigation* be changed to *In re: HOC LFIT V40 Taper Lock Litigation*. We will eliminate "Orthopaedics" from the title, as Stryker Orthopaedics appears to be a predecessor of defendant HOC, but we decline to change "Stryker" to "HOC," because defendant marketed the device to physicians under the Stryker brand name. We also decline to change the title to add "taper lock" to the litigation caption or to limit the scope of the MDL only to recalled devices. Few plaintiffs specifically recite "taper lock" as an issue – they instead mention the specific problems they experienced, such as those listed as potential hazards listed in the recall notice (e.g., excessive

- 3 -

metal debris, disassociation of the head from the stem/failure, trunnion fracture) and other related descriptions, such as corrosion at the femoral head and stem junction. Since plaintiffs allege that all LFIT V40 devices are substantially similar (whether recalled or not) and experience similar problems, claims regarding non-recalled devices should be included in the MDL.

While any number of the parties' proposed transferee districts would be suitable, we are persuaded that the District of Massachusetts is the appropriate transferee district for this litigation. Five LFIT V40 cases in the District of Massachusetts are pending before Judge Indira Talwani, who has not yet had an opportunity to preside over an MDL docket. Boston offers an accessible transferee forum for this litigation, which involves a product that was distributed nationwide. Moreover, the District of Massachusetts is relatively close to HOC's Mahwah, New Jersey headquarters, where relevant documents and witnesses may be found.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside of the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Indira Talwani for coordinated or consolidated pretrial proceedings;

IT IS FURTHER ORDERED that the caption of this litigation shall be changed to "In re: Stryker LFIT V40 Femoral Head Products Liability Litigation."

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer        Marjorie O. Rendell
Lewis A. Kaplan          Ellen Segal Huvelle
R. David Proctor         Catherine D. Perry

**IN RE: STRYKER ORTHOPAEDICS LFIT V40
FEMORAL HEAD PRODUCTS LIABILITY
LITIGATION**                                                                MDL No. 2768

## SCHEDULE A

<u>Southern District of Indiana</u>

LAYNE, ET AL. v. HOWMEDICA OSTEONICS CORPORATION,
    C.A. No. 1:16-03350

<u>District of Massachusetts</u>

O'HARE, ET AL. v. HOWMEDICA OSTEONICS CORP., ET AL.,
    C.A. No. 1:16-11510
D'ORLANDO v. HOWMEDICA OSTEONICS CORP., ET AL., C.A. No. 1:16-12253
DRISCOLL v. HOWMEDICA OSTEONICS CORP., ET AL., C.A. No. 1:17-10057

<u>District of Minnesota</u>

BELISLE v. HOWMEDICA OSTEONICS CORPORATION, C.A. No. 0:16-02881
SMITH, ET AL. v. HOWMEDICA OSTEONICS, ET AL., C.A. No. 0:16-03897